1  ELLISON FOLK (State Bar No. 149232)
   AMY J. BRICKER (State Bar No. 227073)
2  DEBORAH L. KEETH (State Bar No. 233476)
   SHUTE, MIHALY & WEINBERGER LLP
3  396 Hayes Street
   San Francisco, CA 94102
4  Tel: (415) 552-7272
   Fax: (415) 552-5816
5  folk@smwlaw.com

6  Attorneys for Plaintiffs
   CALIFORNIA CULTURAL
7  RESOURCES PRESERVATION ALLIANCE, INC.
   and SIERRA CLUB

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

| | |
|---|---|
| CALIFORNIA CULTURAL RESOURCES PRESERVATION ALLIANCE, INC. and SIERRA CLUB | ) Civil No. 05 4306 CW ) ) |
| Plaintiffs, | ) **STIPULATION AND ORDER TO STAY** ) **ACTION AS MODIFIED** ) ) |
| v. | ) ) |
| U.S. ARMY CORPS OF ENGINEERS; LT. GEN. CARL A. STROCK, in his official capacity, Chief of Engineers and Commanding General, U.S. Army Corps of Engineers; BRIG. GEN. JOSEPH SCHROEDEL, in his official capacity, Commander and Division Engineer, South Pacific Division, U.S. Army Corps of Engineers; COL. ALEX DORNSTAUDER, in his official capacity, District Engineer, Los Angeles District, U.S. Army Corps of Engineers; PUEBLO SERRA WORSHIP HOLDINGS; AND PUEBLO SERRA, LLC, | ) Date: ) Time: ) Action Filed: October 24, 2005 ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**RECITALS**

WHEREAS, on or about October 24, 2005, Plaintiffs CALIFORNIA CULTURAL RESOURCES PRESERVATION ALLIANCE, INC. and SIERRA CLUB (collectively "Plaintiffs") filed its Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus against Defendants U.S. ARMY CORPS OF ENGINEERS; LT. GEN. CARL A. STROCK, in his official capacity, Chief of Engineers and Commanding General, U.S. Army Corps of Engineers; BRIG. GEN. JOSEPH SCHROEDEL, in his official capacity, Commander and Division Engineer, South Pacific Division, U.S. Army Corps of Engineers; COL. ALEX DORNSTAUDER, in his official capacity, District Engineer, Los Angeles District, U.S. Army Corps of Engineers (collectively "Federal Defendants"); PUEBLO SERRA WORSHIP HOLDINGS; AND PUEBLO SERRA, LLC (collectively "Defendants Pueblo Serra") alleging violations of the Administrative Procedure Act and National Historic Preservation Act  (Plaintiffs, Federal Defendants, and Defendants Pueblo Serra are hereafter collectively referred to as the "Parties");

WHEREAS, on or about October 28, 2005, Plaintiffs filed a Notice of Motion and Motion for Preliminary Injunction, set for hearing on December 2, 2005;

WHEREAS, on or about November 10, 2005, the Parties stipulated to continue the hearing on Plaintiffs' Motion for a Preliminary Injunction from December 2, 2005 to December 16, 2005, to allow time for Plaintiffs to conduct a visit of the site of the Junipero Serra High School, South Campus project ("the Project"), which is the subject of this action, and review grading plans for the Project;

WHEREAS, on or about November 10, 2005, Defendants Pueblo Serra filed a Motion for a Change of Venue or, Alternatively, for Transfer of the Case for the Convenience of Parties and Witnesses ("Motion for a Change of Venue");

WHEREAS, on or about November 11, 2005, Plaintiffs' representatives toured the Project site with representatives of Defendants Pueblo Serra;

WHEREAS, the Federal Defendants are currently processing an application from Defendants Pueblo Serra for a permit to fill waters of the United States pursuant to Section 404 of the Clean Water Act, 33 U.S.C. § 1344 ("Permit Application"); and

WHEREAS, the Parties have agreed to stay this action until the Federal Defendants, or any of them, have made a final determination on the Permit Application and, until such time as a determination on the Permit

STIPULATION AND [PROPOSED] ORDER TO STAY LITIGATION
Civil No. 05 4306 CW                                                                  1

1 Application is made, to allow the monitoring of Project-related construction activities.

2 **STIPULATION**

3 IT IS HEREBY STIPULATED AND AGREED by the Parties, by and through their counsel of record,

4 that:

5 (1) By entering into this Stipulation, the Parties agree that, effective November 15, 2005, all future

6 proceedings in this matter shall be stayed until any Party notifies the Court and the other Parties in writing that

7 the Federal Defendants, or any of them, have made a final determination on the Permit Application.  If no other

8 Party has issued such written notification, Counsel for the Federal Defendants shall provide such written

9 notification within five (5) business days of learning from any of the Federal Defendants that a determination on

10 the Permit Application has been made.  The remainder of this Stipulation shall terminate concurrently with the

11 stay.

12 (2) Without limiting the foregoing, the stay of this action includes, but is not limited to, a stay of

13 Plaintiffs' Motion for Preliminary Injunction and Defendants Pueblo Serra's Motion for a Change of Venue.

14 (3) Defendants Pueblo Serra agree to employ, at their own expense, an independent archaeologist

15 beginning on November 23, 2005 to monitor any and all Project-related Excavation (as defined herein), subject

16 to the limitations set forth in paragraph four below.  An "independent archaeologist" is defined as an

17 archaeologist hired from Statistical Research, Inc.; Stand Tech; LSA Associates, Inc.; or any other archaeologist

18 approved by Plaintiffs. "Excavation" includes any on- or off-site construction activities that result in movement

19 of Earth (as also defined herein).  "Earth" shall mean soils, rock, and other materials present within the

20 boundaries of, or immediately adjacent to, the Project, including native soils and fill material located on the

21 ground as of November 23, 2005.  "Excavation" does not include the addition of any new fill material after

22 November 23, 2005 that does not result in the disturbance (e.g., removal of or removal and replacement) of

23 Earth.  Defendants Pueblo Serra agree to adhere to the following monitoring protocol with respect to the

24 independent archaeologist:

25 Should non-human cultural resources be discovered, the monitor shall have the power to

26 temporarily halt or divert construction activities until the qualified independent archaeologist can

27 determine if the resources are significant and, if significant, until recovered by the independent

28 archaeologist.  In the event that human remains are discovered, construction activities shall be

1    halted or diverted until the provisions of section 7050.5 of the Health and Safety Code and

2    section 5097.98 of the Public Resources Code have been implemented.

3    See mitigation measures CR5 and CR6 in the Final Environmental Impact Report for the Project (attached

4    hereto as Exhibit A).  The provisions of this paragraph three may be modified by written agreement of the Parties

5    without Court approval.

6    (4)    The Parties agree that the independent archaeologist employed pursuant to paragraph three

7    need not monitor Excavation occurring at a depth of less than or equal to six (6) feet in the area that is within

8    forty (40) feet from the gymnasium building, provided that the area where the Excavation is to occur is covered

9    with fill at least eight (8) feet in depth.  The Parties also agree that the independent archaeologist employed

10   pursuant to paragraph three above shall have the ability to authorize Excavation of fill material in the absence of

11   the independent archaeologist provided that the following conditions are met: (a) the area where the Excavation

12   is to occur is not within the "sensitive" area; (b) the independent archaeologist has viewed, in person, the area

13   where such Excavation will occur and concludes that there is no risk that such Excavation will damage significant

14   archaeological resources; (c) the independent archaeologist sets a permissible depth for such Excavation, which

15   shall not exceed a depth one (1) foot above native ground and  the independent archaeologist verifies, in person,

16   at least once per day that the authorized Excavation has not exceeded such depth; and (d) the independent

17   archaeologist reports any authorization for Excavation in a daily log and any other report, which will be provided

18   to Plaintiffs' representative in accordance with paragraph six below.  The provisions of this paragraph four

19   maybe be modified by the written agreement of the Parties without Court approval.

20   (5)    Defendants Pueblo Serra agree to allow one or more archaeologist(s) appointed by Plaintiffs

21   to observe Project-related construction activities from time to time  to verify compliance with this Stipulation.

22   No more than one of Plaintiffs' archaeologists shall be present at the Project site at a time.  Plaintiffs agree to

23   submit the credentials of any such archaeologist to counsel for Defendants Pueblo Serra in advance for approval,

24   provided that counsel for Defendants Pueblo Serra shall not unreasonably withhold such approval.  Defendants

25   Pueblo Serra agree to provide access to the Project site to Plaintiffs' approved archaeologist at all times when

26   construction activities are occurring.  Defendants Pueblo Serra also agree to provide a current contact number

27   for the independent archaeologist employed pursuant to paragraph three.

28   (6)    Defendants Pueblo Serra agree to provide Plaintiffs' representative with a copy of daily logs and

1 any other reports generated by the independent archaeologist hired pursuant to paragraph three above.

2 Defendants Pueblo Serra agree to provide such logs/reports in a timely fashion, but in no event more than

3 twenty-four hours after receiving such logs/reports.

4      (7)    This Stipulation may be executed in counterparts and by facsimile signatures.

5 SO STIPULATED.

6

7 Dated: November \_\_\_, 2005          SHUTE, MIHALY & WEINBERGER LLP

8                                   By: _____
                                      ELLISON FOLK

9                                   Attorneys for Plaintiffs
                                  CALIFORNIA   CULTURAL   RESOURCES

10                                   PRESERVATION ALLIANCE, INC. and SIERRA CLUB

11

  Dated: November \_\_\_, 2005         RUTAN & TUCKER

12

13                                   By:_____
                                    HANS VAN LIGTEN

14                                   Attorneys for Defendants
                                  PUEBLO SERRA LLC; PUEBLO SERRA WORSHIP

15                                   HOLDINGS INC.

16 Dated: November \_\_\_, 2005

17                                  _____
                                CAROLINE M. BLANCO, Trial Attorney, Natural

18                                  Resources Section, Environment and Natural Resources
                                 Division, U.S. Department of Justice, Attorneys for Defendants

19                                  U.S. ARMY CORPS OF ENGINEERS; LT. GEN. CARL
                                 A. STROCK, BRIG. GEN. JOSEPH SCHROEDEL, COL.
                                 ALEX DORNSTAUDER

20

21

22

23

24

25

26

27

28

1

## <u>ORDER</u>

2

   **Pending motions are denied without prejudice.  CMC will be held on 5/12/06 at 1:30 p.m., otherwise,**

3

IT IS SO ORDERED.

4

5

Dated: November 30, 2005     _____

6

JUDGE OF THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

7

[C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\ajb009v3 (second stip).wpd]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO STAY LITIGATION
Civil No. 05 4306 CW                                5